UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE SMARTALK TELESERVICES, INC. SECURITIES LITIGATION | MDL Case No. 1315<br>(Judge Sargus)<br>(Magistrate Judge Kemp) |
| This Document Relates to:<br>All Actions Consolidated Under<br>Master File No. C2-98-814 | |

## FINAL ORDER AND JUDGMENT

This matter came on for hearing before Magistrate Judge Kemp on October 16, 2003, pursuant to the Order Preliminarily Approving Partial Settlement, Scheduling Hearing and Providing for Notice, dated July 31, 2003 ("Preliminary Approval Order"), on the application of Lead Plaintiffs, defendants Robert H. Lorsch, Richard M. Teich, David A. Hamburger, Fred F. Fielding, Robert M. Smith, Ahmed O. Alfi, Andrew Folck, Erich L. Spangenberg, and Wayne V. Wooddell (the "D&O Defendants"), and defendants SmarTalk Partners LLC, Amre Youness, and Lisa Marino (the "SmarTalk Partners Defendants") (together with the D&O Defendants, the "Defendants") for approval of the partial settlement of this Action, as set forth in the Stipulation of Settlement dated as of May 30, 2003 (the "Stipulation") between Lead Plaintiffs, on behalf of the Class, and the Defendants. Due and adequate notice was given of the Settlement as required in said Preliminary Approval Order, and Magistrate Judge Kemp having considered all papers filed and proceedings had herein on December 24, 2003 entered a Report and Recommendation approving the settlement, awarding plaintiffs' counsel attorneys fees and expenses and approving the plan of allocation (the

"Report and Recommendation"). The Report and Recommendation was adopted by this Court in its Order entered on February 23, 2004. Therefore, the Court otherwise being fully informed in the premises and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation unless otherwise indicated.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including the members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation, and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, Lead Plaintiffs, the Class and each of the Class Members, especially in light of the complexity, expense and possible duration of further litigation, the discovery and investigation conducted, the risk and difficulty of establishing liability, causation and damages, the limited and diminishing assets of the Defendants which could be available to satisfy any judgment, and the benefits to Class Members afforded by the Settlement. The Court further finds that the Settlement is the result of arms'-length negotiations over a two-year period between experienced counsel representing the respective interests of the Lead Plaintiffs and the Class, the Defendants, and the D&O Insurers, and was successfully concluded only with the assistance of an agreed-upon experienced mediator. Accordingly, the Settlement embodied in the Stipulation is hereby approved, judgment is entered thereon, and the Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.

4. Upon the Effective Date hereof, all claims asserted against the Defendants in the Second Amended Consolidated Class Action Complaint, filed September 5, 2002, are dismissed on the

merits and with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. Upon the Effective Date hereof, Lead Plaintiffs, all Class Members (which do not include the Persons identified in the first full paragraph on page seven of the Magistrate Judge's Report and Recommendation of March 13, 2002 who have validly and timely requested exclusion from the Class) and any Person acting on behalf of any Class Member, whether or not such Person submits a Proof of Claim and Release or otherwise shares in the Settlement Fund, through or on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, partners, employees, administrators and any other Person or entity having any legal or beneficial interest in the securities (other than 5¾% Convertible Subordinated Notes) of SmarTalk, purchased or acquired by any Class Member, will be deemed by this settlement to release and forever discharge the Released Parties from any and all Released Claims.

    a. "Released Claims" means any and all claims, actions and causes of action in law or equity, suits, obligations, debts, demands, agreements, promises, liabilities, controversies, damages, losses, attorneys' fees, costs or expenses of any kind whatsoever, whether based on common law or on any federal or state statute, rule, regulation, or other law or right of action, foreseen or unforeseen, matured or unmatured, known or unknown, accrued or not accrued, suspected or unsuspected, fixed or contingent, raised or not raised (regardless of whether such claim could be raised), and whether or not concealed or hidden, of Lead Plaintiffs or Class Members against any of the Released Parties arising out of, based upon or related to (i) the purchase or ownership of SmarTalk securities (other than 5¾% Convertible Subordinated Notes) during the

Class Period; and (ii) the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were or could have been alleged in the Action.

    b.  "Released Parties" means (a) each of the Defendants and their respective assigns, heirs, executors, trustees, personal representatives, estates, administrators, families, spouses, partners, employees, agents, and attorneys, and each of the D&O Insurers, (b) SmarTalk Partners, LLC, Amre Youness, Lisa Marino, and their respective assigns, heirs, executors, trustees, personal representatives, estates, administrators, families, spouses, partners, members, investors, employees, agents, and attorneys, and (c) all other former directors and/or officers of SmarTalk or its subsidiaries (the "Non-Defendant Directors and Officers), provided however, that the release of the Non-Defendant Directors and Officers shall be limited to their capacity as directors and/or officers of SmarTalk or its subsidiaries.

  6.  Upon the Effective Date hereof, Lead Plaintiffs, all Class Members, and any Person claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind, asserting against any of the Released Parties any of the Released Claims.

  7.  Upon the Effective Date hereof, the Released Parties will be deemed to have released all claims, demands, rights, liabilities and causes of action, whether known or unknown, asserted or that might have been asserted, whether under state, federal, common or administrative law, against each of the Lead Plaintiffs, each of the Class Members, and all of their past, present or future officers, directors, associates, stockholders, controlling persons, representatives, employees, attorneys, underwriters, financial or investment advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates or administrators, which have been or

could have been asserted, arising out of, based upon or related to the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

8. The Court finds that the Settlement is in good faith. Accordingly, upon the Effective Date hereof, all actions and claims for contribution or indemnity (however such claims are denominated) by or against any of the Released Parties shall be permanently barred, enjoined and finally discharged as set forth in 15 U.S.C. §78-4(f)(7)(A). Moreover, all actions and claims for contribution or indemnity (however such claims are denominated) by or against any of the Released Parties shall be permanently barred, enjoined and finally discharged as may be provided by any other applicable federal or state statutes or common law.

9. The Notice of Partial Settlement of Class action (the "Notice") and the Summary Notice of Partial Settlement (the "Summary Notice") given to the Class were the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said Notice and Summary Notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth herein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice and Summary Notice fully satisfied the requirements of Fed.R.Civ.P. 23 and the requirements of due process.

10. Neither the MOU, nor the Stipulation (or any of its provisions or exhibits), nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission, presumption or concession of, or evidence of any wrongdoing or liability or lack thereof of the Defendants or of the validity or invalidity of the Action or of any Released Claim; or (ii) is or may be deemed to be or may be used as an admission, presumption or concession of, or evidence of any

fault or lack thereof of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal, or forum of any kind. Any Settling Party may file the Stipulation and/or the Judgment in any action or proceeding as may be necessary to consummate or enforce the Stipulation and/or the Judgment.

11. In the event this Stipulation is terminated or cancelled or fails to become effective for any reason, the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status as of May 30, 2003; the Settlement Amount, plus accrued interest, less any Notice and Administration Costs, Taxes or Tax Expenses paid or owing, shall be returned to the contributing parties in accordance with the Escrow Agreement; and the Settling Parties shall proceed in all respects as if this Stipulation and related orders had not been executed and without prejudice in any way from the negotiation, fact or terms of this Settlement.

12. There is no just reason for delay in the entry of this Final Order and Judgment, and immediate entry by the Clerk is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

JUDGMENT IS HEREBY ENTERED ACCORDING TO THE ABOVE TERMS.

IT IS SO ORDERED this ___ day of April, 2004.

                                             /s/ Edmund A. Sargus Jr.  4-4-2004
                                             Edmund A. Sargus Jr.
                                             United States District Judge

smartalk.proposed_order.wpd